# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | | |
|---|---|---|
| **David Araujo De Souza,** an individual; | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Case No.:** _____ |
| **SIG SAUER, INC.,** a corporation, | ) ) ) | |
| **Defendant.** | ) ) | |

## COMPLAINT

COMES NOW Plaintiff David Araujo De Souza, and for his Petition against Defendant Sig Sauer, Inc. states as follows:

### INTRODUCTION

1.     Plaintiff David Araujo De Souza (hereinafter "Plaintiff Souza") was severely injured on November 5, 2024 when his Sig Sauer P365 bearing the serial number 66B620198 (hereinafter "subject pistol") unintentionally fired without the trigger being pulled and without any action or intention to cause the discharge of the weapon while holstered on his right hip as he was in the act of sitting down. The round entered through the top of his right thigh just above the right knee, fracturing his patella, and exited just below his right knee.

2.      Plaintiff Souza was 40 years of age at the time he sustained permanent injuries as a result of the gunshot wound. The permanency of which is a significant non-economic category of damages that he will experience for the rest of his life.

3.      In filing this lawsuit, Plaintiff Souza does not wish or intend to disparage the right to bear arms as guaranteed by the Second Amendment. Rather, he seeks to hold the Defendant accountable for their actions in designing, engineering, manufacturing, marketing, importing, distributing, selling, and/or failing to test and inspect the subject pistol, in addition to misrepresenting facts about the safety of his pistol, which is defective and unreasonably dangerous as described in this Complaint. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised his Second Amendment right to bear arms.

## PARTIES

4.      The Plaintiff, David Souza is over the age of 21 and at all times pertinent to this Complaint and is a resident of Osceola County, Florida.

5.      Defendant Sig Sauer, Inc. ("Sig") is a New Hampshire corporation located in Newington, New Hampshire. Defendant Sig is in the business of designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying, and/or selling the pistol, which is the subject of Plaintiff's Complaint.

2

## JURISDICTION AND VENUE

6.       This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) where Plaintiff and Defendant are citizens of different states and where the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.       Venue is proper under in this Court pursuant to 28 U.S.C § 1391(b)(2) where the Plaintiff's injuries occurred as a result of the failure of the subject defective pistol in Florida.

## FACTS

8.       Plaintiff Souza purchased the subject pistol from Shooters World in Lake Magdalene, Florida in new condition.

9.       Plaintiff Souza did not modify the subject pistol in any way. He maintained the subject pistol in the original condition which it was in at the time of purchase for the duration of his ownership up to and at the time of the unintentional firing event.

10.      Plaintiff Souza received no warning that the subject pistol which he had purchased was in a defective condition at the time of purchase and was unsafe.

11.      Plaintiff David Souza was severely injured on November 5, 2024 when his Sig Sauer P365 bearing the serial number 66B620198 (hereinafter "subject pistol") unintentionally fired, without the trigger being pulled and without any action or intention to cause the discharge of the weapon, while holstered on his right hip as

3

he attempted to sit down. The round entered through the top of his right thigh just above the right knee, fractured his patella, and exited just below his right knee.

12.     Plaintiff Souza was 40 years old at the time of the incident causing his life-threatening injuries that required medical treatment.

13.     The subject pistol caused permanent injuries to Souza. After months of medical treatment and physical therapy, Plaintiff Souza continues to endure pain which is expected to continue.  Given Souza's age, the permanency of his injuries is a significant non-economic category of damages that he will experience for the rest of his life.

14.     Plaintiff Souza was not touching the trigger at the time of the spontaneous discharge.

15.     There was no interference or interaction, whether accidental or intentional, with the trigger or the area around the trigger at the time of the spontaneous discharge.

16.     Plaintiff Souza never dropped the subject pistol nor subjected it to abusive or reckless handling.

17.     Plaintiff Souza was severely injured by the spontaneous discharge of the subject pistol which resulted in a gunshot wound to his right leg.

18.    Plaintiff Souza was 40 years of age at the time he sustained catastrophic injuries from the gunshot wound. The permanency of his injuries is a significant non-economic category of damages that he will experience for the rest of his life.

19.    The SIG P365 model pistol has a Safety Defect pertaining to the fire control system whereby the firearm will discharge spontaneously without input or intention of the user.

20.    The subject pistol is a Sig Sauer P365, bearing the serial number 66B620198, which has said Safety Defect which caused Plaintiff Souza's firearm to spontaneously discharge and injure him.

21.    Plaintiff Souza received no warning that the subject pistol which he had purchased was in a defective condition at the time of purchase and was unsafe.

**COUNT ONE**
**NEGLIGENCE**

22.    Plaintiff restates all preceding allegations as if fully restated herein.

23.    Negligence is the failure to use reasonable care. Reasonable care is the care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would use under like circumstances.

24.    Negligence in the instant matter is designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting a firearm product in a manner that a reasonably careful designer, engineer,

5

manufacturer, marketer, seller, importer, distributor and/or supplier would not do under like circumstances or failing to do something that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

25. The Defendant failed to use the reasonable care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier would have used under like circumstances.

26. The Defendant negligently breached the duties of care owed to Plaintiff Souza in one or more of the following ways:

    a. Failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting the subject pistol;

    b. Failing to take adequate corrective action or preventive action;

    c. Failing to maintain proper records and data of incidents, complaints, malfunctions, inspections and testing;

    d. Failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

    e. Failing to warn Plaintiff Souza and the public of the Safety Defect;

    f. Failing to warn Plaintiff Souza and the public that the Defendants did not inspect or test the pistols before the pistols were distributed;

    g. Failing to warn of all the above; and

h.    Other acts of negligence to be determined through discovery.

27.    The Defendant's conduct as described in this Complaint was inconsistent with what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would have done under like circumstances, or the Defendant failed to do what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

28.    The Defendant's negligence was the proximate cause of Plaintiff Souza's severe injuries, pain, medical expenses required for his treatment now and in the future, and any and all other damages allowable by law.  The Defendant is liable for all injuries, damages and losses that resulted from such negligence.

29.    The Defendant's conduct was malicious, willful, reckless, fraudulent, and in bad faith.

WHEREFORE, Plaintiff demands judgment against the Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

30.    A product is defective if it does not conform to representations of fact made by the Defendant, orally or in writing, in connection with the transaction on which Plaintiff Souza, relied in the use of the product.

7

31.     Defendant Sig Sauer, Inc. held the subject model pistol out to the public as a safe, defect free, product upon which the user could rely. Each of the representations of fact made by Defendant Sig Sauer, Inc. is a separate and independent express warranty made to the Plaintiff.

32.     The Sig Sauer website advertises the P365 product line as covered by the Sig Sauer Infinite Guarantee.

33.     The Sig Sauer Infinite Guarantee is available on their website: https://www.sigsauer.com/infinite-guarantee. The website states: "Our promise: We guarantee that your new SIG SAUER firearm, optic, or suppressor was originally manufactured free of defects in material, workmanship, electrical, optical, and mechanical function. In the event it becomes damaged from defect in any way we will repair your SIG SAUER product, at no charge to you. If we cannot repair your product, we will replace it or, if we cannot replace it, we will provide you with a replacement of equal value."

34.     Defendant Sig Sauer, Inc. has a P365 Pistols Operator's Manual which sets forth specific representations of fact regarding the subject model pistol including warnings, safe handling instructions, and safety features of the subject model pistol.[1] (Exhibit A: Operator's Manual). Each of the representations of fact

---

[1] The Operator's Manual is available online at: https://www.sigsauer.com/owners-manuals.

contained therein is a separate and independent express warranty made to the Plaintiff.

35.     The Operator's Manual warns that improper or abusive handling may result in failure of the safety mechanisms. Factors that may cause failure include: dropping the firearm, impact to the firearm, or the firearm being struck by another object. (Exhibit A: Operator's Manual, pages 3-5). These statements are separate and independent representations of fact and constitute express warranties made to the Plaintiff.

36.     In making the above and other similar statements to the public, Defendant has held out to the public that the P365 product line is safe and defect free and that the risk of injury lies with the care of the individual handling the firearm.

37.     Plaintiff Souza handled his firearm properly and the firearm did not experience any of the abusive handling factors that Defendant has warned may cause failure of the firearm. Despite this, his firearm fired spontaneously, causing him to be seriously injured.

38.     Plaintiff Souza relied on Defendant's specific representations of fact as set forth above regarding the safety of the subject model pistol.

39.     The Defendant breached these express warranties by not providing a product to Plaintiff Souza that conformed to these representations of fact.

9

40. As a proximate cause of the Defendant's breach of express warranties, Plaintiff Souza was severely injured.

41. The Defendant's conduct was malicious, willful, reckless, fraudulent, and in bad faith.

WHEREFORE, Plaintiff demands judgment against the Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42. A product is defective if it is not reasonably fit for its intended use or the uses reasonably foreseeable by the Defendant.

43. Plaintiff Souza's pistol was not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Defendant due to the Safety Defect.

44. The Defendant was on notice of the breach of implied warranties at the time the subject pistol was manufactured, marketed, sold, imported, distributed, and/or supplied by them. The Defendant knew, or should have known, about the Safety Defect at the time subject pistol was designed, engineered, manufactured, marketed, sold, imported, distributed, and/or supplied by them.

45. As a proximate result of the Defendant's breach of implied warranties of merchantability, Plaintiff Souza was severely injured.

10

46.     The Defendant's conduct was malicious, willful, reckless, fraudulent, and in bad faith.

WHEREFORE, Plaintiff demands judgment against the Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT FOUR
## STRICT LIABILITY – MANUFACTURING DEFECT

47.     Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product.

48.     The Defendant was the manufacturer in the chain of distribution of the subject pistol and is, therefore, liable for the injuries caused to Plaintiff Souza by the defective pistol.

49.     A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

50.     A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

51.     A product is defective if unreasonably dangerous even if the Defendant has exercised all possible care in the preparation and sale of the product.

11

52. The subject pistol is defective because of the manufacturing defect (i.e., the Safety Defect) as it was different from its intended design and failed to perform as safely as the intended design would have performed. The subject pistol was expected to and did reach Plaintiff Souza without substantial change affecting that condition.

53. The manufacturing defect (i.e., Safety Defect) was the proximate cause of Plaintiff Souza's injuries.

54. The Defendant is strictly liable for all injuries, damages, and losses that resulted from the manufacturing defect of the subject pistol.

55. The Defendant's conduct was malicious, willful, reckless, fraudulent, and in bad faith.

WHEREFORE, Plaintiff demands judgment against the Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT FIVE
## STRICT LIABILITY – DESIGN DEFECT

56. Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Defendant was the designer in the chain of distribution of the subject pistol and is, therefore, liable for the injuries caused to Plaintiff Souza by the defective pistol.

57.     A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

58.     A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the defendants, or alternatively, the risk of danger in the design outweighs the benefits.

59.     A product is defective if unreasonably dangerous even if the Defendant has exercised all possible care in the preparation and sale of the product.

60.     Plaintiff Souza's pistol is defective because of the design defect (i.e., the Safety Defect) and was in a condition unreasonably dangerous to the Plaintiff. The subject pistol was expected to and did reach him without substantial change affecting that condition.

61.     The design defect (i.e., the Safety Defect) was the proximate cause of Plaintiff Souza's injuries.

62.     The Defendant is, therefore, strictly liable for all injuries, damages, and losses that resulted from the design defect of the subject pistol.

63.     The Defendant's conduct was malicious, willful, reckless, fraudulent, and in bad faith.

WHEREFORE, Plaintiff demands judgment against the Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

**COUNT SIX**
**STRICT LIABILITY FAILURE TO WARN**

64. A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

65. A product is defective if unreasonably dangerous even if the Defendant has exercised all possible care in the preparation and sale of the product.

66. The foreseeable risks of harm from the Safety Defect could have been reduced or avoided if the Defendant had provided reasonable instructions or warnings, and the Defendant's failure to provide these instructions or warnings renders the subject pistol defective.

67. The Defendant had the opportunity to warn Plaintiff Souza about the Safety Defect upon his original purchase yet failed to do so.

68. Failure to warn was the proximate cause of Plaintiff Souza' injuries.

69. The Defendant is strictly liable for all injuries, damages, and losses that resulted from their failure to warn Plaintiff Souza about the Safety Defect.

14

70.    The Defendant's conduct was malicious, willful, reckless, fraudulent, and in bad faith.

WHEREFORE, Plaintiff demands judgment against the Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

**COUNT SEVEN**
**NEGLIGENT MISREPRESENTATION**

71.    The Defendant, in the Manual for the SIG P365 Pistols product line, made representations of fact to Plaintiff Souza.  These include the following:

    a.    "Your firearm comes equipped with effective, well-designed safety features." (Exhibit A: Operator's Manual, page 4);

    b.    "The striker safety lock and disconnect safety ensure safe carrying of the firearm and provide instant readiness without actuating a manual safety unless so equipped." (Exhibit A: Operator's Manual, page 25);

    c.    "The manual safety mechanically blocks the sear assembly, preventing release if the striker." (Exhibit A: Operator's Manual, page 31);

    d.    and other statements.

72.    The Sig Sauer website advertises the P365 product line as covered by the Sig Sauer Infinite Guarantee.

73.    The Sig Sauer Infinite Guarantee is available on their website: https://www.sigsauer.com/infinite-guarantee. The website states: "Our promise: We guarantee that your new SIG SAUER firearm, optic, or suppressor was originally

manufactured free of defects in material, workmanship, electrical, optical, and mechanical function. In the event it becomes damaged from defect in any way we will repair your SIG SAUER product, at no charge to you. If we cannot repair your product, we will replace it or, if we cannot replace it, we will provide you with a replacement of equal value."

74. These statements by the Defendant concerned material facts that they believed to be true, but which were, in fact, false. The Defendant was negligent in making the statements because they should have known the statements were false, and in making the statements, they intended or expected that another would rely on the statements.

75. Plaintiff Souza justifiably relied on the false statements by purchasing, retaining, carrying, and using the subject pistol. Thus, these statements were the proximate caused Plaintiff Souza's injuries.

76. The Defendant's negligent misrepresentations were the proximate cause of Plaintiff Souza's injuries.

77. The Defendant is liable for all injuries, damages, and losses that resulted from negligent misrepresentations.

78. The Defendant's conduct was malicious, willful, reckless, fraudulent, and in bad faith.

16

WHEREFORE, Plaintiff demands judgment against the Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

### DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

ON ALL CLAIMS SO TRIABLE.

 /s/Matthew G. Garmon
Mathew G. Garmon (Fla. Bar No. 121519)
M. Todd Wheeles (PHV to be filed)
Emmalyn H. Merrill (PHV to be filed)
**Wheeles & Garmon, LLP**
5000 Southlake Park, Suite 150
Birmingham, Alabama 35244
Telephone:  (205) 593-4934
Email: matt@wheelesgarmon.com
              todd@wheelesgarmon.com
              emmalyn@wheelesgarmon.com

### DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

**Sig Sauer, Inc.**
c/o Cogency Global, Inc.
63 Pleasant St.
Concord, New Hampshire 03301
